UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARI L. OLIVER,

              Plaintiff,

                                            Case No.: 25-12854

v.                                       Honorable Gershwin A. Drain

JULIE MCDONALD, *et al.*,

              Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* [#2], DISMISSING COMPLAINT, ENJOINING PLAINTIFF FROM FILING FURTHER PAPERS AND/OR LAWSUITS IN THIS COURT RAISING CLAIMS RELATED TO HER STATE DIVORCE, CHILD CUSTODY AND SUPPORT PROCEEDINGS WITHOUT FIRST SEEKING LEAVE OF COURT AND CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH PURSUANT TO FED. R. APP. P. 24(a)**

Plaintiff Shari Oliver has filed her third *pro se* Complaint raising meritless claims stemming from her dissatisfaction with her divorce, child support and child custody proceedings in state court. Upon reviewing the Application, the Court is persuaded that Plaintiff is unable to pay the fees associated with the filing of her Complaint. Plaintiff's Application to Proceed Without the Prepayment of Fees, or *in forma pauperis*, is hereby GRANTED. 28 U.S.C. § 1915(a)(1).

Under § 1915(e)(2)(B), this Court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to

state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings her third lawsuit challenging her divorce, custody and child support orders against the Defendant Oakland County Friend of the Court, as well as against Defendant Judge Julie A. McDonald. In Plaintiff's prior lawsuits, the Court dismissed identical claims against these Defendants based on Eleventh Amendment immunity and absolute judicial immunity.

As such, Plaintiff has twice been advised by this Court that the Eleventh Amendment bars Plaintiff's claims against Defendant Friend of the Court (FOC). *See Oliver v. Julie McDonald, et al*., No. 22-12665, ECF No. 37, PageID. 2474-2475 (concluding that the Eleventh Amendment bars Ms. Oliver's claims against the FOC because the FOC is part of the Oakland County Circuit Court, which is an "arm[] of the state and thus, immune from suit."). *Id.* (quoting *Merritt v. Lauderbach*, No. 12-CV-14141, 2013 WL 1148421, at *4 (E.D. Mich. Feb. 28, 2013), adopted, 2013 WL 1148418 (E.D. Mich. Mar. 19, 2013)); *see also Oliver v. Oakland County Friend of the Court et al*., No. 24-12962, ECF No. 102, PageID.6623-6624 (concluding that the Eleventh Amendment bars Ms. Oliver's claim against the Oakland County Friend of the Court). *Id.*

Additionally, Plaintiff has been advised that judicial immunity applies to her

claims against Judge McDonald who is entitled to absolute judicial immunity. Similar to Plaintiff's previous lawsuits, her present lawsuit raises allegations relating to Judge McDonald's actions taken in her official judicial capacity. *See Oliver*, No. 22-12665, ECF No. 37, PageID.2471-2473; *see also Oliver*, No. 24-12962, ECF No. 102, PageID.6621-6622; *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Accordingly, Plaintiff's present lawsuit lacks merit and will be dismissed.

Finally, this Court has previously warned Plaintiff that further filings related to her state court divorce, child custody and child support proceedings would constitute harassing and vexatious litigation subject to prefiling restrictions. *See Oliver*, No. 24-12962, ECF No. 102, PageID.6628 ("Ms. Oliver is warned that, if she continues to file lawsuits pertaining to her state court divorce and child custody proceedings in this Court, she will be declared a harassing and vexatious litigant subject to significant prefiling restrictions in this Court.") *Id.* (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)). Accordingly, the Court finds that Plaintiff is a vexatious litigant and she is ENJOINED from submitting any further filings or new Complaints in this Court related to her state court divorce, child custody and child support proceedings without first obtaining leave of Court.

To obtain leave of Court to file any further complaints, motions, or papers

related to Plaintiff's divorce, child custody and support proceedings, Ms. Oliver must first file a "Motion Pursuant to Court Order Seeking Leave to File," attaching as an exhibit any proposed filing and attaching a copy of this Order as a second exhibit.  Failure to seek leave of Court according to this procedure may constitute sufficient grounds to deny leave. Compliance with this procedure does not, of itself, constitute grounds for granting leave to file a Complaint, motion or paper with the Court.

For the reasons articulated above, Plaintiff's Application to Proceed *in Forma Pauperis* [#2] is GRANTED.   However, because her Complaint is frivolous, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is ENJOINED from filing any further Complaints or papers in this Court related to her state court divorce, child custody and child support proceedings without first seeking leave of Court as specifically set forth in this Order.   The Court certifies, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* will be DENIED.

SO ORDERED.

Dated:  September 17, 2025                    /s/Gershwin A. Drain
                                              GERSHWIN A. DRAIN
                                              United States District Judge

4

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
September 17, 2025, by electronic and/or ordinary mail.
<u>/s/ Marlena Williams</u>
Case Manager